

September 26, 2025

**VIA ECF**

Sean P. Carter
Direct Phone 215-665-2105
Direct Fax 215-701-2105
scarter1@cozen.com

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *In re: Terrorist Attacks on September 11, 2001*: Cozen O'Connor et. al. v. Motley Rice LLC, Kreindler & Kreindler LLP, Speiser Krause PC, Anderson Kill PC, Baumeister & Samuels, P.C., Second Circuit Case Nos. 24-502 (L) and 24-593 (CON)

Dear Ms. O'Hagan Wolfe:

    Appellants write in response to the *Havlish* Appellees' September 18, 2025 letter regarding the notice of supplemental authority submitted by the original Appellees. *See* Case No. 24-502, Dkt. No. 105.1. For the reasons previously set forth in Appellants' September 17, 2025 letter, *see* Case No 24-502, Docket No. 106.1, the Court's decision in *In re: Terrorist Attacks on Sept. 11, 2001*, Case No. 23-1170 (2d Cir.) does not impact this Court's jurisdiction in the above-referenced appeals.

    These appeals and the *Kreindler & Kreindler LLP* appeal address different standards for appellate review. This Court's statements regarding the scope of the collateral order doctrine, which the *Havlish* Appellees highlight in their submission, *see* Case No. 24-502, Dkt. No. 107.1 (citing Case No. 23-1170, slip. op. at 9-10), are not relevant to Appellants' position that the orders from which the above-referenced appeals are taken are final, appealable judgments. *See* Case No. 24-502, Dkt. 104.1 at 22-26.

    As to the *Havlish* Appellees' separate point regarding advisory mandamus, the Court's decision in the *Kreindler & Kreindler LLP* appeal does not address the standards for advisory mandamus. To the extent that the *Havlish* Appellees assert that advisory mandamus is unavailable for cases involving "case-specific, idiosyncratic" facts, *see* Case No. 24-502, Dkt. No. 107.1 (citing Case No. 23-1170, slip. op. at 15) – which itself mischaracterizes the Court's decision – the December 12, 2023 and December 22, 2023 orders that are the subject of this appeal do not result from a fact-intensive inquiry. Rather, those orders endorse the view that the district court can dispense with the creation of a common benefit fund and deny compensation for common benefit work to counsel based on a back-door agreement between a subset of interested parties. For the reasons explained in Appellants' briefing, *see* Case No. 24-502, Dkt. 104.1 at 28-31, this approach presents deep threats to the efficient management of MDL proceedings generally. On this basis,

Catherine O'Hagan Wolfe, Clerk of Court
September 26, 2025
Page 2

the exercise of advisory mandamus independently supports this Court's exercise of appellate jurisdiction. *See* Case No. 24-502, Dkt. 104.1 at 28-31.

                    Respectfully submitted,

                    COZEN O'CONNOR

                    BY:   SEAN P. CARTER

cc:    Counsel of Record (via ECF)

LEGAL\80342885\1